### THE PEOPLE, on the relation of SNOW, *vs.* CAYUGA C. P.

Upon the coming in of a return to an *alternative mandamus*, the relator may be ruled to plead or demur to the return within 20 days.

Notwithstanding such rule, the relator may within the 20 days apply at a *special term* by *parol*, on due notice, for a *peremptory mandamus*.

Where a *certiorari* has been allowed upon an insufficient affidavit, the defendant in error should stay the plaintiff in error from bringing the cause to argument, and move to quash the certiorari ; if, instead of doing so, he permits the argument to be brought on and then objects to its being proceeded in, on the ground of the insufficiency of the affidavit, and the common pleas overrule his objection and direct the argument to proceed, this court will not inquire whether a *mandamus* ought to issue directing the common pleas to quash the certiorari : the remedy of the party, if any, is by writ of error, and not by *mandamus*.

February 20.     A RETURN having been made to an alternative *mandamus* issued in this case, the relator now moved for a peremptory mandamus.

It was objected preliminarily that the relator had been ruled to plead or demur, and that such proceeding having been taken against him, he could not now demur by *parol*, as he was now virtually doing by applying for a peremptory mandamus at a *special term*.

But the objection was overruled by Mr. Justice SUTHERLAND, who remarked that the practice of the court was to allow a party to ask for a peremptory mandamus at a special term, if he chose to do so ; that the opposite party lost nothing by such proceeding, as in case the decision was against him, he was permitted to make up a formal record as of a judgment on demurrer for the purpose of review, (although the relator by moving at a special term lost that right,) and having the right to make up a record, he could perceive no objection to hearing the motion upon due notice, notwithstanding that the relator was under a rule to plead or demur.

It was then moved that a peremptory mandamus issue on the following facts: a *certiorari* had been issued to a justice of the peace to send up to the common pleas of Cayuga the proceedings had before him in a certain cause in which he had rendered judgment in favor of the relator against J. Wood and J. Jakway; at the term at which the certiorari was returnable the justice made his return, and the cause was brought on to argument. At the opening of the argument by the plaintiffs in error, a *preliminary objection to proceeding to the argument* was made by the defendant in error, on the ground that the plaintiffs in error at the time of the allowance of the writ of certiorari *did not present to the officer allowing the same an affidavit*, setting forth the substance of the testimony and proceedings had before the justice who tried the same, pursuant to the statute. The counsel for the plaintiffs in error was then permitted to make and read an affidavit, *supplementary* to an affidavit which had in fact been presented at the time of the allowance of the certiorari, and upon hearing which the court overruled the objection, and directed the plaintiff's counsel to proceed to the argument of the cause. Upon this state of facts the *alternative mandamus* had been issued, commanding the common pleas of Cayuga to *quash the certiorari* or to shew cause, and the same facts now appearing from the return, the relator insisted that a *peremptory mandamus* ought to issue. The question was discussed on its merits, which however not being passed upon by the court in the decision which was made, it is deemed unimportant to state.

*I. L. Wendell*, for the relator.

*I. Williams*, contra.

*By the Court*, SUTHERLAND, J. Without looking into the merits of this motion respecting which I do not purpose to express any opinion, I have come to the conclusion to refuse a *mandamus* in this case. Had a regular application been made by the relator to the common pleas, on due notice to the party to

be affected, to quash the certiorari on the grounds suggested when the cause was brought on to argument in the common pleas, and had such application been well founded and improperly denied by the court, the appropriate remedy would have been a mandamus: but the relator did not pursue this course; he permitted the cause to be brought on to argument, and then urged the illegal allowance of the certiorari as a preliminary objection to the argument being proceeded in, instead of staying the proceedings of the plaintiffs in error and moving to quash the certiorari. The preliminary objection of the relator was in the nature of a motion to nonsuit a plaintiff upon the opening of his cause, and if the court erroneously decided against him, his remedy, if any, is by writ of error, and not by *mandamus.* For these reasons the motion for a peremptory mandamus is denied with costs.